**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN SMITH**

      **Plaintiff,**

-vs-                                         **CASE NO. 6:05-cv-1072-Orl-19DAB**

**RICHARD'S RESTORATION, INC.**
**and LIDDA MARLER**

      **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1. Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial filed by Defendant Richard's Restoration, Inc. (Doc. No. 11, filed on August 23, 2005);

2. Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial filed by Defendant Lidda Marler. (Doc. No. 12, filed on August 23, 2005);

3. Response to Defendant Lidda Marler's Motion to Dismiss Plaintiff's Complaint filed by Plaintiff Benjamin Smith. (Doc. No. 16, filed on September 8, 2005); and

4. Response to Defendant's Richard's Restoration, Inc.'s Motion to Dismiss Plaintiff's Complaint filed by Benjamin Smith.

**Background**

The following allegations are drawn from Plaintiff's Complaint. (Doc. No. 1, filed on July 21, 2005). From November 1998 to June 4, 2005, Plaintiff Benjamin Smith was employed by Defendant Richard's Restoration, Inc. (*Id*. at ¶ 4). Defendant Lidda Marler was the owner and/or officer of Richard's Restoration, Inc. (*Id*. at ¶ 8). Ms. Marler acted either directly or indirectly in the interest of Richard's Restoration, Inc. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work. (*Id*. at ¶ 9). Plaintiff's employment at Richard's Restoration, Inc. was governed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, *et. seq*. (*Id*. at ¶¶ 2, 5, 6, 7, 9, 11).

Plaintiff alleges that Defendants Richard's Restoration, Inc. and Lidda Marler failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which Plaintiff was employed for work weeks longer than forty (40) hours, in violation of Section 7 and Section 15 of the FLSA. (*Id*. at ¶11). Plaintiff requests judgment against Defendants jointly and severally for unpaid overtime wages found to be due and owing; an additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages; prejudgment interest in the event liquidated damages are not awarded; a reasonable attorney's fees and costs; and such other relief as the Court deems just and equitable. (*Id*. at p. 3).

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the complaint's allegations as true and accept all reasonable inferences that can be drawn from such allegations. *Fed. R. Civ. P.* 12(b)(6); *In re Sunstar Securities Healthcare Litigation*, 173 F. Supp. 2d 1315, 1317 (M.D.Fla.2001); *Jackson v. Okaloosa County, Fla.*, 21 F. 3d 1532, 1534 (11th Cir. 1994). The

Court limits its consideration to the pleadings and written instruments attached as exhibits. *Fed. R. Civ. P. Rule* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F. 2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, the court must accept the plaintiff's alleged facts as true and view all inferences from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F. 3d 1480, 1484 (11th Cir. 1994); *Fortner v. Thomas*, 983 F. 2d 1024, 1027 (11th Cir. 1993). A complaint must meet an exceedingly low threshold to survive a motion to dismiss. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D.Fla. 1998).

**Analysis**

**I. Defendant Richard's Restoration Inc.'s Motion to Dismiss**

Defendant Richard's Restoration, Inc.'s first argument is that Plaintiff had a verbal contract with it to work on a yearly salary basis for three different time periods, and hence, Plaintiff was an Executive Employee exempt from 29 U.S.C. §207 pursuant to 29 U.S.C. §213(a)(1) and FLSA §13(a)(1). Thus, Defendant argues, Plaintiff is exempt from a statutory entitlement to overtime wages.

In the instant case, Plaintiff has alleged that Defendant, an employer subject to the provisions of the FLSA, failed to compensate him at the appropriate rate for hours worked in excess of forty hours per week. Taking the alleged facts as true, and viewing them in a light most favorable to the Plaintiff, the alleged actions constitute a violation of the FLSA on the part of Defendant. Moreover, Defendant's argument fails because it would have the Court examine factual assertions outside the four corners of Plaintiff's complaint. *See Scetta v. Delicatessen Support Serv. Inc.*, 57 F.Supp. 2d 1327, 1345 (M.D.Fla. 1999). Plaintiff, therefore, has met the

exceedingly low burden needed to overcome Defendant's first argument.

Defendant Richard's Restoration, Inc.'s second argument is that Plaintiff Smith was also an Outside Sales Employee exempt from 29 U.S.C. §213(a)(1) and FLSA §13(a)(1) and is therefore exempt from entitlement to overtime wages. This argument, too, would have the Court impermissibly examine factual assertions outside of the four corners of Plaintiff's complaint. Thus, this argument is not well taken.

Therefore, the Court finds that Plaintiff has stated a claim for relief against Defendant Richard's Restoration, Inc.

## II.  Defendant Lidda Marler's Motion to Dismiss

Defendant Lidda Marler argues that she should be dismissed in her individual capacity because Plaintiff was employed by the corporation, Richard's Restoration, Inc., and not by her, the individual serving as the corporation's President. (Doc. No. 12 at ¶¶ 1, 2). Further, Defendant Lidda Marler argues that Plaintiff did not sufficiently allege that she is liable for damages. (Id. at ¶ 3).

As articulated by the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). It is a reasonable inference from the facts alleged in the complaint that Defendant Lidda Marler, the corporation's President, had operational control of Richard's Restoration, Inc. and thus is jointly and severally liable for Plaintiff's unpaid wages. *Id*. Therefore, viewing the facts alleged in the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim for relief against Defendant Lidda Marler.

**Conclusion**

Based on the foregoing, the Motion of Defendant Richard's Restoration Inc. To Dismiss Plaintiff's Complaint (Doc. No. 11) is **DENIED**. The Motion of Defendant Lidda Marler to Dismiss Plaintiff's Complaint (Doc. No. 12) is also **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October ___7,____ 2005.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record