**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN SMITH,**

**-vs-**                                                                             **Case No.  6:05-cv-1072-Orl-DAB**

**RICHARD'S RESTORATION, INC.,**
**LIDDA MARLER,**

                    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 60)**
>
> **FILED:** December 26, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, in part**.

Plaintiff moves for entry of final judgment against his former employer for unpaid overtime wages, following the entry of a Clerk's default (Doc. No. 56). The motion is supported by Affidavits of Plaintiff and his counsel. Plaintiff seeks a total of $13,224.20 in unpaid overtime, liquidated damages in the same amount, and attorney's fees in the amount of $6,930.00, plus court costs.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th

Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, Plaintiff offers an Affidavit attesting to his employment, and the amounts due. Although Plaintiff estimates his overtime, he avers that he was employed by Defendant RICHARD'S RESTORATION, INC., from July 21, 2002 to July 2004 and from November 2004 to June 2005. From July 21, 2002 to January 3, 2003, he was compensated at a rate of $10.00 per hour, from January 4, 2003 to July 2004 at a rate of $10.83 an hour, and from November 2004 to June 2005 at a rate of $11.67 an hour. He states that he was not compensated at a rate of one and one-half times his regular rate for any hours worked over 40 hours per week, and calculates (at approximately 20 hours a week overtime, for which half wages are due) that he is owed unpaid overtime in the amount of $13,224.20. Absent objection by the defaulting defendants, the Court accepts the sworn statement as to the unpaid overtime due. As a default admits the well-plead allegations, Defendants[1] have admitted that they willfully failed to pay wages to Plaintiff. In Affidavit summarized above, Plaintiff established the hours worked, the wages owed, and the fact that he was, indeed, not paid the proper amount of overtime. Thus, Plaintiff has established his entitlement to an award of damages and liquidated damages, pursuant to the Fair Labor Standards Act (29 U.S.C.A.§ 201, *et seq.,* herein "the FLSA").

---

[1]The Complaint avers that the individual defendant was a statutory employer, and Plaintiff avers in his Affidavit that Defendant Marler was in control of the terms and conditions of his employment.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.") Here, counsel contends that he spent 18.90 hours at $300.00 per hour (total $5,670.00), co-counsel spent 2 hours at $300.00 per hour (total $500.00)[2], and paralegal time of 8 hours at $95.00 per hour (total $760.00) was incurred. Although these amounts are far greater than those usually awarded in this District for like work, a review of the file confirms that this case was particularly complex, involving motions to dismiss, discovery practice, and protracted settlement and mediation efforts. Nonetheless, even though Plaintiff has prevailed and is therefore entitled to attorney's fees, any such award must be reasonable. A review of the billing sheets indicates numerous entries for "electronic filing" or "scanning and electronic filing" of documents. Indeed, Plaintiff submits over 2 hours of paralegal time for filing and scanning, above and beyond time billed for research and drafting. The Court finds that the task of e-filing is not a legal service, but is a ministerial matter, akin to mailing a letter or sending a facsimile. While time spent on the substance of the matter filed is recoverable, time spent on the mere act of filing is not. The Court deducts two hours of paralegal time from the total awarded.

---

[2]The summary submitted by counsel contains a mathematical error in that attorney Pantas' time is stated as 2.00 @ $300.00 =$500.00. As Plaintiff seeks a total of $6,930.00 (which includes the erroneous computation), the Court takes the calculation as it finds it.

As the motion is otherwise in order, it is **granted, in part.**  It is therefore **ORDERED** that judgment be entered for Plaintiff in the amount of $13,224.20 in unpaid overtime, liquidated damages in the amount of $13,224.20, and attorney's fees in the amount of $6,740.00.  Costs should be taxed by the Clerk in the normal course, as prescribed by the Federal Rules of Civil Procedure.  The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties